# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust, | ) ) ) | |
| *Plaintiff*, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 10-CV-1842-G |
| | ) ) | (JURY DEMANDED) |
| VERIZON COMMUNICATIONS INC., VERIZON FINANCIAL SERVICES, LLC, GTE CORPORATION and JOHN W. DIERCKSEN, | ) ) ) ) | **ECF** |
| *Defendants*. | ) ) | |

## VERIZON FINANCIAL SERVICES LLC'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Verizon Financial Services LLC ("VFS") files this, its Answer, Defenses, and Affirmative Defenses to Plaintiff's Original Complaint (the "Complaint"), and respectfully states as follows:

## I.    ANSWER[1]

### NATURE OF THE ACTION[2]

1.    VFS admits that Verizon Communications Inc. ("VCI"), through its subsidiaries, provides telecommunications, broadband video, and broadband data services in the United States but denies any remaining allegations contained in the first sentence of Paragraph 1. VFS is

---

[1]    VFS expressly reserves the right to amend and/or supplement its Answer, Defenses, and Affirmative Defenses as may be necessary.

[2]    The heading "Nature of the Action," and all other headings or subheadings included in the Complaint, are not allegations and as such, require no response under the Federal Rules of Civil Procedure. Nevertheless, to the extent any response is required, VFS denies any and all allegations included in the headings or subheadings of the Complaint.

without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in Paragraph 1.

2.      VFS admits that VCI participated in a spin-off transaction (the "Spin-Off") through which VCI's domestic print and online directories business became a stand-alone company, Idearc Inc. ("Idearc"), but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the first sentence of Paragraph 2.   VFS admits the allegations contained in the second and fourth sentences of Paragraph 2.   VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the third sentence of Paragraph 2. VFS admits that, as part of the Spin-Off, the following occurred:   (a) Idearc transferred approximately $2.5 billion in cash to VFS, a wholly owned subsidiary of VCI, and (b) Idearc incurred approximately $9 billion of debt, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the fifth sentence of Paragraph 2.   VFS further admits that Idearc reported, on December 31, 2006, that Idearc's balance sheet reflected that its liabilities exceeded the net book value of its assets by approximately $9 billion but denies that this is a reflection of Idearc's real financial condition.   VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the sixth sentence of Paragraph 2.   VFS admits that, on March 31, 2009, Idearc and its subsidiaries filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), but denies the remaining allegations contained in the seventh sentence of Paragraph 2.   VFS denies any remaining allegations contained in Paragraph 2.

3.      VFS is without information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the first, second, fifth, sixth, seventh, and eighth sentences of Paragraph 3.  VFS admits that John Diercksen ("Diercksen") had the title of "Executive Vice President – Strategy, Development, and Planning," for VCI in November 2006, but denies any remaining allegations contained in the third sentence of Paragraph 3.  VFS admits that Diercksen participated in the planning and execution of the Spin-Off, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the fourth sentence of Paragraph 3.  The ninth sentence of Paragraph 3 purports to state a legal conclusion to which no answer is necessary.  To the extent a response is required, VFS is without information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the ninth sentence of Paragraph 3.  VFS denies any remaining allegations contained in Paragraph 3.

4.      VFS admits the allegations contained in the first sentence of Paragraph 4.  The *First Amended Plan of Reorganization of Idearc Inc., et al., Debtors* (the "Plan") speaks for itself.  VFS denies all remaining allegations contained in the second sentence of Paragraph 4.  VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the third sentence of Paragraph 4.

5.      VFS denies the allegations contained in Paragraph 5.

6.      VFS denies the allegations contained in Paragraph 6.

### JURISDICTION & VENUE

7.      Paragraph 7 purports to state a legal conclusion to which no answer is necessary.

8.      Paragraph 8 purports to state a legal conclusion to which no answer is necessary.

## THE PARTIES

9.      VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the first, second, and fourth sentences of Paragraph 9.  VFS admits that U.S. Bank National Association is the Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust (the "Trust"), but denies any remaining allegations contained in the third sentence of Paragraph 9.

10.     VFS admits that VCI is a Delaware corporation with its principal executive offices at 140 West Street, New York, New York 10007, but denies any remaining allegations contained in the first sentence of Paragraph 10.  VFS admits the allegations contained in the second and third sentences of Paragraph 10.

11.     VFS admits the allegations contained in the first and second sentences of Paragraph 11.  The third sentence of Paragraph 11 purports to state a legal conclusion to which no answer is necessary, but, to the extent a response is required, VFS admits the allegations contained in the third sentence of Paragraph 11.  VFS admits that the registered agent for VFS is CT Corporation System, 1209 Orange Street, Wilmington, Delaware 19801, but denies any remaining allegations contained in the fourth sentence of Paragraph 11.

12.     VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 12.

13.     VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 13.

## FURTHER FACTUAL BACKGROUND

14.     VFS admits that, in October 2006, VCI's board of directors approved the Spin-Off but denies the remaining allegations contained in the first sentence of Paragraph 14.  VFS is

without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the second and third sentences of Paragraph 14.

15.    VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the first, second, and third sentences of Paragraph 15.    VFS admits that, by December 2008, Hawaiian Telecom and FairPoint Communications, Inc. had filed petitions for relief under chapter 11 of the Bankruptcy Code, but denies any remaining allegations contained in the fourth sentence of Paragraph 15.

16.    VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 16.

17.    VFS denies the allegations contained in Paragraph 17.

18.    VFS admits that, on November 17, 2006, VCI transferred to Idearc all of its ownership interest in Idearc Information Services LLC ("IIS") and other assets, liabilities, businesses, and employees primarily related to VCI's domestic print and online directories business and that Idearc:  (i) issued to VCI 145,851,861 shares of Idearc's common stock, (ii) issued to VCI two unsecured notes in equal amounts totaling $2.850 billion in debt (the "Unsecured Notes"), (iii) became indebted to VCI in the amount of $4.3 billion pursuant to the Credit Agreement (the "Tranche B Facility"), and (iv) transferred to VFS $2,441,532,374.71 in cash, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remainder of the allegations contained in the first sentence of Paragraph 18. VFS further admits that, on November 17, 2006, VCI distributed the 145,851,861 shares of Idearc common stock to VCI's shareholders, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the second sentence of Paragraph 18.   VFS admits that, following the Spin-Off, VCI

exchanged with VCI's debt holders the Unsecured Notes and the $4.3 billion Tranche B Facility for outstanding VCI debt and that its outstanding indebtedness was reduced by approximately $7.1 billion, but denies any remaining allegations contained in the third sentence of Paragraph 18.

19.     VFS incorporates by reference its response to Paragraph 18 in response to Paragraph 19 and is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, any remaining allegations contained in Paragraph 19.

20.     VFS admits that VCI transferred to Idearc all of its ownership interest in IIS and other assets, liabilities, businesses, and employees primarily related to VCI's domestic print and online directories business, but denies the remaining allegations contained in the first sentence of Paragraph 20.  VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in Paragraph 20.

21.     VFS admits that Diercksen, other officers of VCI, and others participated in the planning and execution of the Spin-Off, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in the first sentence of Paragraph 21.  VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the second sentence of Paragraph 21.

22.     VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 22.

23.     VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 23.

24.     VFS admits that the Unsecured Notes and the Tranche B Facility required Idearc to pay interest, but denies the remaining allegations contained in the first sentence of Paragraph 24.  VFS denies the allegations contained in the second and fifth sentences of Paragraph 24. VFS admits that, following the Spin-Off, VCI exchanged with its debt holders the Unsecured Notes and the $4.3 billion Tranche B Facility for outstanding VCI debt, and VCI's indebtedness was reduced by approximately $7.1 billion, but denies the remaining allegations contained in the third sentence of Paragraph 24.  VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in the fourth sentence of Paragraph 24.

25.     VFS admits that, on March 31, 2009, Idearc and its subsidiaries filed petitions for relief under chapter 11 of the Bankruptcy Code, but VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the remaining allegations contained in Paragraph 25.

26.     VFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies the allegations contained in Paragraph 26.

27.     VFS admits that, on November 17, 2006, VCI transferred to Idearc all of its ownership interest in IIS and other assets, liabilities, businesses, and employees primarily related to VCI's domestic print and online directories business and that Idearc:  (i) issued to VCI 145,851,861 shares of Idearc's common stock, (ii) issued to VCI the Unsecured Notes, (iii) became indebted to VCI for the Tranche B Facility, and (iv) transferred to VFS $2,441,532,374.71 in cash, but VFS is without knowledge or information sufficient to form a

belief as to the truth of, and thus denies, the remainder of the allegations contained in the first sentence of Paragraph 27.  VFS also admits that VCI's 2006 Form 10-K includes the statement:

> On November 17, 2006 we completed the spin-off of Idearc to shareowners of Verizon.  Verizon distributed a dividend of one share of Idearc common stock for every 20 shares of Verizon common stock.  Cash was paid for fractional shares.  The distribution of Idearc common stock is considered a tax free transaction for us and for our shareowners, except for the cash payments for fractional shares which are generally taxable.  Idearc now owns what was the Verizon domestic print and Internet yellow pages directories publishing operations, which had been the principal component of our Information Services segment.  This transaction resulted in an increase of nearly $9 billion in shareowners' equity, as well as a reduction of total debt by more than $7 billion and we received approximately $2 billion in cash.

VFS denies any remaining allegations contained in Paragraph 27.

28.    VFS admits that, on March 31, 2009, Idearc and its subsidiaries filed petitions for relief under chapter 11 of the Bankruptcy Code and, subsequently, the Plan, but denies any remaining allegations contained in the first sentence of Paragraph 28.  VFS admits the allegations contained in the second sentence of Paragraph 28.  VFS denies the allegations contained in the third sentence of Paragraph 28.

29.    VFS admits that the Trust was created pursuant to the Plan, but states that the Plan is the best evidence of its terms, and therefore denies the remaining allegations contained in the first sentence of Paragraph 29 and the allegations contained in the second sentence of Paragraph 29.

30.    Paragraph 30 purports to state a legal conclusion to which no answer is necessary. To the extent a response is required, VFS admits that the Plan provides the Trustee is "designated as the Debtors' and the Estates' representative and the successor in interest to the Debtors and the Estates for all purposes with respect to all Litigation Trust Rights, including,

without limitation, the commencement, prosecution, settlement and collection thereof," but denies the remaining allegations contained in Paragraph 30.

31.     Paragraph 31 purports to state a legal conclusion to which no answer is necessary. To the extent a response is required, VFS is without knowledge or information sufficient to form a belief as to the truth of, and thus denies, the allegations contained in Paragraph 31.

### PURPORTED CAUSES OF ACTION

### COUNT 1

32.     In response to Paragraph 32, VFS incorporates its responses to Paragraphs 1 through 31.

33.     VFS denies the allegations contained in Paragraph 33.

34.     VFS denies the allegations contained in Paragraph 34.

35.     VFS denies the allegations contained in Paragraph 35.

36.     VFS denies the allegations contained in Paragraph 36.

37.     Paragraph 37 purports to state a legal conclusion to which no answer is necessary. To the extent a response is required, VFS denies the allegations contained in Paragraph 37.

38.     Paragraph 38 does not contain allegations for which a response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 38.

### COUNT 2

39.     In response to Paragraph 39, VFS incorporates its responses to Paragraphs 1 to 38.

40.     VFS denies the allegations contained in Paragraph 40.

41.     VFS denies the allegations contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 purport to state a legal conclusion to which no answer is necessary.  To the extent a response is required, VFS denies the allegations contained in Paragraph 42.

43.     Paragraph 43 does not contain allegations for which a response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 43.

## COUNT 3

44.     In response to Paragraph 44, VFS incorporates its responses to Paragraphs 1-43.

45.     Paragraph 45 contains allegations not directed toward VFS and thus no response is required.  To the extent a response is required, VFS denies the allegations contained in Paragraph 45.

46.     Paragraph 46 contains allegations not directed toward VFS and thus no response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 46.

47.     Paragraph 47 contains allegations not directed toward VFS and thus no response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 47.

## COUNT 4

48.     In response to Paragraph 48, VFS incorporates its responses to Paragraphs 1 to 47.

49.     VFS denies the allegations and relief requested in Paragraph 49.

## COUNT 5

50.     In response to Paragraph 50, VFS incorporates its responses to Paragraphs 1 to 49.

51.     VFS admits that, on November 17, 2006, Idearc Media Corp. ("IMC") loaned to Idearc the amount of $475,410,408 (the "IMC Note") and that, in connection therewith, Idearc executed a one-page Master Promissory Note payable on demand to IMC, but denies the remaining allegations contained in the first sentence of Paragraph 51.  VFS denies the allegations contained in the second sentence of Paragraph 51.

52.     VFS admits that it received cash from Idearc on or about November 17, 2006, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52, and therefore denies the remaining allegations contained in Paragraph 52.

53.     VFS denies the allegations contained in Paragraph 53.

54.     VFS denies the allegations contained in Paragraph 54.

55.     VFS denies the allegations contained in Paragraph 55.

56.     VFS denies the allegations contained in Paragraph 56.

57.     VFS denies the allegations contained in Paragraph 57.

58.     Paragraph 58 purports to state a legal conclusion to which no answer is necessary. To the extent a response is required, VFS denies the allegations contained in Paragraph 58.

59.     Paragraph 59 does not contain allegations for which a response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 59.

## COUNT 6

60.     In response to Paragraph 60, VFS incorporates its responses to Paragraphs 1 to 59.

61.     Paragraph 61 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 61.

62.     Paragraph 62 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 62.

63.     Paragraph 63 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 63.

64.     Paragraph 64 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 64.

65.     Paragraph 65 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 65.

66.     Paragraph 66 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 66.

67.     Paragraph 67 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 67.

68.     Paragraph 68 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 68.

69.     Paragraph 69 contains allegations not directed toward VFS and thus no response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 69.

### COUNT 7

70.     In response to Paragraph 70, VFS incorporates its responses to Paragraphs 1 to 69.

71.     Paragraph 71 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 71.

72.     Paragraph 72 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 72.

73.     Paragraph 73 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 73.

74.     Paragraph 74 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 74.

75.     Paragraph 75 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 75.

76.     Paragraph 76 contains allegations not directed toward VFS and thus no response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 76.

### COUNT 8

77.     In response to Paragraph 77, VFS incorporates its responses to Paragraphs 1 to 76.

78.     Paragraph 78 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 78.

79.     Paragraph 79 contains allegations not directed toward VFS and thus no response is required.   To the extent a response is required, VFS denies the allegations contained in Paragraph 79.

### ATTORNEY'S FEES

This is not an allegation for which a response is required.   To the extent a response is required, VFS denies the relief requested.

### JURY TRIAL DEMAND

80.     Paragraph 80 does not contain allegations for which a response is required.  To the extent a response is required, VFS denies the allegations and relief requested in Paragraph 80.

### PRAYER

VFS denies that Plaintiff is entitled to any of the relief requested.

## II.     DEFENSES AND AFFIRMATIVE DEFENSES

VFS asserts the following defenses and affirmative defenses and reserves the right to amend this Answer to assert other and further defenses and/or affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters "defenses," VFS does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's *prima facie* case against VFS.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitation.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

4.      VFS is entitled to indemnification from Idearc Inc., Idearc Information Services LLC, and/or Idearc Media Corp. for the damages sought in the Complaint and asserts all rights of recoupment and setoff pursuant to 11 U.S.C. § 553 and other applicable law.

5.      Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages, if any, of Plaintiff and its predecessors in interest.

6.      Plaintiff's claims are barred, in whole or in part, because VFS took any property transferred or obligation incurred (a) in good faith and for value, and/or (b) in good faith and for reasonably equivalent value, and/or (c) for fair consideration and without knowledge of any fraud.

7.      Plaintiff's claims are barred, in whole or in part, because VFS acted in good faith and is entitled to retain any interest transferred or may enforce any obligation incurred, or may reduce any obligation to Plaintiff, as the case may be, to the extent that VFS gave value to Idearc Inc., Idearc Information Services LLC, and/or Idearc Media Corp. in exchange for the transfer.

8.      Plaintiff's claims are barred, in whole or in part, because VFS acted without actual fraudulent intent and is entitled to retain the property transferred to the extent of the value provided to the transferor.

9.      Plaintiff's claims are barred, in whole or part, because VFS took for value, in good faith, and without knowledge of the alleged voidability of the transfer.

10.     Any transfer to VFS from Idearc Inc., Idearc Information Services LLC, and/or Idearc Media Corp. was in exchange for reasonably equivalent value.

11.     Any transfer to VFS from Idearc Inc., Idearc Information Services LLC, and/or Idearc Media Corp. was in exchange for fair consideration.

12.     Any recovery against VFS is limited by the single satisfaction rule in 11 U.S.C. §550(d).

13.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged transfers were not made to, on behalf of, or for the benefit of VFS.

14.     Plaintiff's claims are barred, in whole or part, by 11 U.S.C. § 546(e).

15.     Plaintiff's claims are barred, in whole or part, to the extent Idearc Inc., Idearc Information Services LLC, or Idearc Media Corp. did not have creditors holding unsecured claims.

16.     Plaintiff's claims are barred, in whole or part, to the extent Idearc Inc., Idearc Information Services LLC, or Idearc Media Corp. did not have creditors holding unsecured claims prior to the time of the challenged transfers and who still held such claims at the time of the bankruptcy filings.

17.     Plaintiff lacks standing as to one or more of its claims.

18.     Idearc Inc., Idearc Information Services LLC, and/or Idearc Media Corp. knowingly and intentionally waived their right to a trial by jury.

19.     Plaintiff's claims are barred, in whole or part, because VFS at all times acted in good faith, with reasonable care and diligence.

20.     Plaintiff's claims are barred, in whole or in part, to the extent that any of the alleged transfer(s) were authorized by law.

21.     Plaintiff's claims are barred, in whole or part, to the extent the alleged injuries of Plaintiff or its predecessors in interest were not caused, actually or proximately, or contributed to by any acts on the part of VFS.

22.     Plaintiff's claims are barred, in whole or in part, based on the doctrine of subsequent intervening cause.

23.     Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

24.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

25.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's, Idearc Inc.'s Idearc Information Services LLC,'s, and/or Idearc Media Corp.'s own comparative fault or wrongdoing and VFS is entitled to have any alleged damages proportionately reduced.

26.     Plaintiff's claims are barred because Idearc Inc., Idearc Information Services LLC, and Idearc Media Corp. were solvent at the time of the Spin-Off.

27.     Plaintiff's claims are barred because Diercksen owed no fiduciary duties to Idearc, Inc. or its creditors.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrine of substantive consolidation.

29.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release, and/or payment.

30.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## PRAYER FOR RELIEF

WHEREFORE, VFS respectfully requests that the Court dismiss Plaintiff's claims against it; enter a judgment that Plaintiff takes nothing; award costs, disbursements, and attorneys' fees to VFS; and grant VFS all such other and further relief, whether in law or equity, to which it is entitled and that the Court deems just and proper.

Dated: Dallas, Texas
      November 22, 2010

                                              Respectfully submitted,

                                              /s/ T. Ray Guy

                                              T. Ray Guy
                                              Texas Bar No. 08648500
                                              *ray.guy@weil.com*
                                              Paige Holden Montgomery
                                              Texas Bar No. 24037131
                                              *paige.montgomery@weil.com*
                                              Benjamin L. Stewart
                                              Texas Bar No. 24046917
                                              *benjamin.stewart@weil.com*
                                              WEIL, GOTSHAL & MANGES, LLP
                                              200 Crescent Court, Suite 300
                                              Dallas, Texas 75201
                                              Telephone:    (214) 746-7700
                                              Facsimile:    (214) 746-7777

                                              John B. Strasburger
                                              Texas Bar No. 19358335
                                              *john.strasburger@weil.com*
                                              Alfredo R. Pérez
                                              Texas Bar No. 15776275
                                              *alfredo.perez@weil.com*
                                              WEIL, GOTSHAL & MANGES, LLP
                                              700 Louisiana, Suite 1600
                                              Houston, Texas  77002
                                              Telephone:    (713) 546-5000
                                              Facsimile:    (713) 224-9511

                                              *Attorneys for Defendants Verizon*
                                              *Communications Inc., Verizon Financial*
                                              *Services LLC, GTE Corporation, and*
                                              *John W. Diercksen*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of **VERIZON FINANCIAL SERVICES LLC'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT** via the Court's CM/ECF system pursuant to the Court's Local Rules this 22nd day of November 2010.  All other counsel will be served by United States mail, certified mail/return receipt requested.

| | |
|---|---|
| Werner A. Powers | Nicholas A. Foley |
| *werner.powers@haynesboone.com* | *nfoley@neliganlaw.com* |
| Robin Phelan | Douglas J. Buncher |
| *robin.phelan@haynesboone.com* | *dbuncher@neliganlaw.com* |
| Patrick D. Keating | John D. Gaither |
| *patrick.keating@haynesboone.com* | *jgaither@neliganlaw.com* |
| HAYNES & BOONE, LLP | NELIGAN FOLEY, LLP |
| 2323 Victory Avenue, Suite 700 | 325 N. St. Paul, Suite 3600 |
| Dallas, Texas 75219 | Dallas, Texas 75201 |
| Telephone:  (214) 651-5000 | Telephone:  (214) 840-5300 |
| Facsimile:  (214) 651-5940 | Facsimile:  (214) 840-5301 |

/s/ Paige Holden Montgomery
Paige Holden Montgomery