UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:10-CV-1842-G |
| VERIZON COMMUNICATIONS INC., *et al.*, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXPEDITE
BRIEFING AND CONSIDERATION OF MOTION FOR LEAVE TO
FILE TWO SUMMARY JUDGMENT MOTIONS AND SUPPORTING BRIEFS**

Plaintiff U.S. Bank National Association, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust (the "Trust") files this opposition to the emergency motion (the "Emergency Motion") filed by Defendants Verizon Communications, Inc. ("Verizon"), Verizon Financial Services, LLC ("VFS"), GTE Corporation ("GTE"), and John W. Diercksen ("Diercksen") (collectively the "Defendants") to expedite briefing and consideration of Defendants' motion for leave to file two summary judgment motions and supporting briefs (the "Motion for Leave") [Docket No. 235], as follows:

**I. PRELIMINARY STATEMENT**

1.  The Emergency Motion fails to identify any surprise or newly learned facts that turn this matter into an "emergency."  Even with accelerated briefing, the stated goal of avoidance of discovery will absolutely *not* be accomplished.  Finally, briefing a fact-intensive

matter when the parties are completely swamped with discovery matters places an undue burden on the Trust.  For these reasons, the Emergency Motion should be denied.

## II.   PROCEDURAL AND FACTUAL BACKGROUND AND ARGUMENT

2. This Court has entered three (3) pre-trial case management scheduling orders.  On December 16, 2010, this Court entered its "Order Establishing Schedule and Certain Pretrial Requirements" [Docket No. 23] (the "Scheduling Order").  The Scheduling Order is a typical scheduling order.  It lists pre-trial dates and deadlines for filing pleadings, taking discovery, exchanging exhibits, and conferring among the parties.

3. On November 16, 2011, this Court entered its "Amended Order Establishing Schedule and Certain Pretrial Requirements" [Docket No. 157] (the "Amended Scheduling Order").  Currently, the deadline to complete discovery is April 30, 2012, and the case is placed for trial on the Court's four-week docket beginning on October 1, 2012. Amended Scheduling Order, ¶ 9, pp. 1-2.

4. As the Court is aware from the many *pro hac vice* motions it has recently considered, the Defendants have recently added two additional law firms to the case.  In the past two weeks, Defendants have served 53 subpoenas, in addition to several others served in prior weeks.  *See* Docket Nos. 228 and 229.  The vast majority of these subpoenas have return dates in the next two weeks.  *Id*.  Magistrate Judge Toliver recently stayed these depositions and ordered the parties to meet and confer in detail on these and related discovery issues [Docket No. 249], which the parties are currently doing.  A hearing to address matters the parties cannot agree upon is set for March 6, 2012.

5. In addition to the forgoing, the parties have agreed and set over a dozen other depositions over the next month and a half – depositions of key witnesses, many of which require travel to other states, and all of which will require substantial preparation.  Even if no

agreement was reached to increase the total number of depositions, given that Defendants still have approximately 15 depositions they can set under the current scheduling order, beginning next week counsel for the Trust will be preparing for and attending over 30 depositions across the country over the next two months.  With only two months left for all discovery, the Trust's law firms have several attorneys working full-time on this matter, with many more devoting a substantial portion of their time.  Taking into account the discovery that is already scheduled, the Trust's counsel has limited time to address any additional matters during this period of critical discovery.

6.   The Merriam-Webster dictionary defines an "emergency" as "an unforeseen combination of circumstances or the resulting state that calls for immediate action."[1]  About three months ago, after substantial negotiation, the Trust and the Defendants agreed upon (and this Court entered) the Amended Scheduling Order [Docket No. 157].  In connection with the negotiation and briefing leading up to that order, the Defendants not only objected to any piecemeal consideration of individual deadlines, but specifically selected the deadline for filing motions for summary judgment.

7.   The Emergency Motion fails to articulate what "unforeseen combination of circumstances" has occurred in the very recent past to give rise to the need to consider the motion for leave on an emergency basis.  It further fails to provide the Court with information regarding the many other matters the parties are currently addressing, such as the significant discovery issues raised in the Defendants' motion for leave to expand the number of depositions and request for emergency consideration of the same [Docket Nos. 2342 and 244] and addressed in the Court's February 28, 2012 order.  Taken together, the Defendants' conduct and erroneous

---

[1] Available at http://www.merriam-webster.com/dictionary/emergency.

---

**Plaintiff's Opposition to Defendants' Motion to Expedite Briefing and Consideration of Motion for Leave to File Two Summary Judgment Motions and Supporting Briefs**　　　　　　　　　　　　　　　　　　　　**Page 3**

designation of these matters as requiring "emergency" consideration place a burden on the Trust that will impede its ability to fairly consider and brief the Motion for Leave.

8. The Emergency Motion asserts that the proposed summary judgment motion (i) deals with "uncontested facts," and (ii) if granted would "significantly reduce the amount of fact and expert discovery." Emergency Motion at p. 2. Both of these statements are untrue. Even a brief reading of the proposed summary judgment motion shows it raises a host of issues that the Trust will certainly provide evidence to refute. Further, even if the Court were to grant the Emergency Motion, order accelerated briefing on the Motion for Leave, grant *that* motion and order briefing on the Defendants' proposed motion for summary judgment, that briefing would not be complete until the final month of discovery. In essence, unless the Court drops everything else it is doing and focuses solely on this issue, it is unlikely that its ruling on the proposed motion for summary judgment would be available to the parties until the discovery deadline and the Trust's expert deadline had passed.

9. The Emergency Motion also fails to articulate what areas of discovery are supposedly avoided. All of the Trust's causes of action arise from the same set of operative facts: the November 2006 spin-off of Idearc, Inc. Thus, eliminating one or more of the Trust's claims will not limit the parties' need for discovery into those facts nor the Trust's presentation of those facts at trial. The Defendants are unable to identify any discovery *they* are willing to forego if the Court grants their motions, instead insisting that their 53 most recent deposition notices be fully respected and even requesting that the Court reconsider the order staying the document portion of those subpoenas [Docket No. 251].

10. The Defendants have not, and cannot, assert that they did not foresee their own motions for summary judgment. Any matter not specifically relating to discovery in the last two

months of the discovery period in a case of this nature is almost by definition not an emergency. Accelerated briefing of this matter will impose an unreasonable burden on the Trust, and Defendants have failed to articulate why any burden is appropriate in these circumstances.

### III. CONCLUSION

11.   This is simply the wrong time to adjust the agreed-upon and Court-approved briefing schedules on a non-discovery matter.  This Court should deny the Emergency Motion and allow briefing on the Motion for Leave in due course.

### IV. PRAYER

The Trust respectfully requests that this Court deny the Emergency Motion and award the Trust such other and further relief, as this Court may deed just and proper.

Dated:  March 1, 2012                                         Respectfully Submitted,

/s/ Nicholas A. Foley
Nicholas A. Foley
Texas State Bar No. 07208620
Douglas J. Buncher
Texas State Bar No. 03342700
John D. Gaither
Texas State Bar No. 24055516

NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone:   (214) 840-5300
Fax:               (214) 840-5301

Werner A. Powers
State Bar No. 16218800
Robin Phelan
State Bar No. 15903000
Patrick Keating
State Bar No. 00794074

HAYNES AND BOONE LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Telephone:   (214) 651-5000

          Telecopier: (214) 651-5940

          **ATTORNEYS FOR U.S. BANK**
          **NATIONAL ASSOCIATION**
          **as Litigation Trustee on Behalf of the**
          **Idearc Inc. et al. Litigation Trust**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served on the following attorneys of record and through the Court's ECF system in accordance with the Federal Rules of Civil Procedure on March 1, 2012:

T. Ray Guy
WEIL, GOTSHAL & MANGES, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201

John B. Strasburger
WEIL, GOTSHAL & MANGES, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

Philip D. Anker
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Philip.Ander@wilmerhale.com

          */s/ Nicholas A. Foley*
          Nicholas A. Foley