**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust, )<br>)<br>)<br>) | |
| *Plaintiff*, ) | CIVIL ACTION NO. |
| ) | 3:10-CV-1842-G |
| v. )<br>) | |
| VERIZON COMMUNICATIONS INC., VERIZON FINANCIAL SERVICES, LLC, GTE CORPORATION and JOHN W. DIERCKSEN, )<br>)<br>)<br>) | **ECF** |
| *Defendants*. ) | |

**DEFENDANTS VERIZON COMMUNICATIONS INC.'S
AND VERIZON FINANCIAL SERVICES LLC'S
<u>PARTIAL MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Verizon Communications Inc. and Verizon Financial Services, LLC (collectively, "Verizon") file this partial motion for summary judgment seeking the dismissal of Counts 1, 2, 5 and 7 of the Amended Complaint of Plaintiff U.S. Bank National Association, Litigation Trustee of the Idearc Inc. et al. Litigation Trust ("Plaintiff"). Each of the required matters under Local Rule 56.3(a), as well as the arguments and authorities in support of this Motion, are set forth in Defendants' Memorandum in Support of Partial Motion for Summary Judgment (the "Memorandum") being filed here concurrently.

  1. This Motion presents a discrete, but critical, issue of law in this case: whether a trust acting for the exclusive benefit of banks and bondholders that knew, consented, and even *required* that their loans to Idearc be used to pay Verizon for its yellow pages business can sue Verizon on the grounds that those same loans were "fraudulent transfers."

**PARTIAL MOTION
FOR SUMMARY JUDGMENT**

2. As explained in the attached Memorandum, the sole beneficiaries of Plaintiff are banks and bondholders that made loans to Idearc in 2006 for the express purpose of financing Idearc's acquisition of Verizon's yellow pages business.  Yet, now, after those payments occurred exactly as those financial institutions directed, Plaintiff has sued Verizon for receiving those payments, contending that they were "fraudulent transfers" that should be returned to the very banks and bondholders that insisted that the payments be made to Verizon in the first place.

3. Those claims fail as a matter of law.  Fraudulent transfer law is designed to protect innocent creditors from transfers of property made by their debtor that make unavailable assets those creditors expected to look to for repayment.  Here, however, Idearc's banks and bondholders never expected to look to the proceeds of their own loans for repayment.  To the contrary, they entered into loan agreements with Idearc that *required* Idearc to use their loans to pay Verizon for the yellow pages business.  They did so precisely to ensure that Idearc would use the money to acquire the assets that they *did* look to for their repayment—the yellow pages business.

4. Having knowingly and willingly participated in these transactions, the same financial institutions cannot use fraudulent transfer law to undo them.  As shown in the attached Memorandum, it is settled law that a transfer made by a debtor cannot be avoided and recovered by, or through a trust for the benefit of, a creditor that consented to that transfer.  This rule of law forecloses Plaintiff's fraudulent transfer claims.

5. Accordingly, Verizon requests that this Court dismiss Counts 1, 2, 5 and 7 with prejudice.  If argument on this Motion would be helpful to the Court, Verizon is available at the Court's convenience.

- 2 -

**PARTIAL MOTION**
**FOR SUMMARY JUDGMENT**

Dated:  March 21, 2012

        T. Ray Guy
Texas Bar No. 08648500
*ray.guy@weil.com*
Paige Holden Montgomery
Texas Bar No. 24037131
*paige.montgomery@weil.com*
WEIL, GOTSHAL & MANGES, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone:  (214) 746-7700
Facsimile:   (214) 746-7777

John B. Strasburger
Texas Bar No. 19358335
*john.strasburger@weil.com*
Alfredo R. Pérez
Texas Bar No. 15776275
*alfredo.perez@weil.com*
WEIL, GOTSHAL & MANGES, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511

 /s Philip D. Anker
Philip D. Anker (NY Bar No. 4345567)
(Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: 212-230-8800
Facsimile:  212-230-8888

*Attorneys for Verizon Communications Inc.,
Verizon Financial Services LLC, GTE Corporation,
and John W. Diercksen*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 21st day of March, 2012. All other counsel will be served by United States mail, certified mail/return receipt requested.

| | |
|---|---|
| Werner A. Powers | Nicolas A. Foley |
| *werner.powers@haynesboone.com* | *nfoley@neliganlaw.com* |
| Robin Phelan | Douglas J. Buncher |
| *robin.phelan@haynesboone.com* | *dbuncher@neliganlaw.com* |
| Patrick D. Keating | John D. Gaither |
| *patrick.keating@haynesboone.com* | *jgaither@neliganlaw.com* |
| HAYNES & BOONE, LLP | NELIGAN FOLEY, LLP |
| 2323 Victory Avenue, Suite 700 | 325 N. St. Paul, Suite 3600 |
| Dallas, Texas 75219 | Dallas, Texas 75201 |
| Telephone:   (214) 651-5000 | Telephone:   (214) 840-5300 |
| Facsimile:   (214) 651-5940 | Facsimile:   (214) 840-5301 |

/s/ Philip D. Anker
Philip D. Anker (NY Bar No. 4345567)
(Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: 212-230-8800
Facsimile:  212-230-8888

*Attorneys for Verizon Communications Inc., Verizon Financial Services LLC, GTE Corporation, and John W. Diercksen*