# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **U.S. BANK NATIONAL** | § | |
| **ASSOCIATION, Litigation Trustee of the** | § | |
| **Idearc Inc.** *et al.* **Litigation Trust,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **3:10-CV-1842-G** |
| | § | |
| **VERIZON COMMUNICATIONS INC.,** | § | |
| *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S EMERGENCY MOTION TO EXTEND SUMMARY JUDGMENT DEADLINES AND BRIEF IN SUPPORT

Plaintiff U.S. Bank National Association, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust (the "Trust"), files this motion (the "Motion") to extend the Trust's deadline to file a motion for summary judgment and its deadline to respond to the motions for summary judgment that will be filed by Defendants Verizon Communications, Inc., Verizon Financial Services LLC, and GTE Corporation (the "Corporate Defendants") and John W. Diercksen ("Diercksen") (collectively the "Defendants") and in support states as follows:

1.      Pursuant to the Court's November 16, 2011 scheduling order [Docket No. 157], motions for summary judgment in this case are due on May 25, 2012. Under Local Rule 7.1(e), responses are due 21 days from the date the motions are filed. By this Motion, the Trust requests that (a) the Trust's deadline to file a motion for summary judgment be extended until June 4, 2012,[1] and (b) the Trust's response deadline to motions for summary judgment filed by the

---

[1] The Trust would not oppose an identical extension for the Defendants to file their second motions for summary judgment.

Defendants be extended to 45 days from the date the Defendants file their motions for summary judgment.[2]

2.      Under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), the Court may extend the summary judgment deadline and the deadline for the Trust's response to the Defendants' motions for summary judgment "for good cause."  The Corporate Defendants have made clear that they intend to file a voluminous, complex motion for summary judgment.  *See* Corporate Defendants' Motion for Leave [Docket No. 337] (requesting leave to file a 150-page brief and referencing "the Corporate Defendants' numerous arguments in favor of summary judgment on Plaintiff's varied and complex claims.").  On May 15, 2012, the Court authorized the Corporate Defendants to file a consolidated summary judgment brief not to exceed 100 pages [Docket No. 350].  The Court also expanded the page limit for the Trust's response to 100 pages. *Id*.  Additionally, the Trust expects that Diercksen will file a separate motion for summary judgment.  Under the Local Rules, Diercksen's brief and the Trust's response may be 50 pages each.  *See* Local Rule 56.5(b).  Thus, the Trust will be responding to, and drafting, up to 150 pages of summary judgment briefing.

3.      The Trust is currently drafting its own motion for summary judgment and preparing a response to the voluminous supplemental appendix filed by the Defendants in support of their first motion for summary judgment [Docket No. 351].  In addition, the parties will be conducting expert discovery during the same time period that summary judgment briefing is ongoing.  *See* November 16, 2011 Scheduling Order [Docket No. 157] (setting expert discovery deadline on July 20, 2012).

---

[2] If the Court extends the deadline for the Defendants to file motions for summary judgment to June 4, 2012, the Trust's proposed response deadline would be July 19, 2012.

4.      As the Court is aware, the Trust has asserted multiple causes of action against the Defendants under various theories of recovery.  This case has involved the production of voluminous documents and dozens of depositions.  The Trust anticipates that the factual and legal issues presented in the Defendants' motions for summary judgment will be detailed and complex.

5.      Though the parties are working diligently to prepare detailed motions for summary judgment addressing the many factual and legal issues presented in this case, the Trust submits that the complexity of the issues in this case and the volume of discovery and evidentiary materials constitute good cause for a short extension of the summary judgment deadline.  The Defendants have indicated that they are not opposed to the Trust's request to extend the summary judgment deadline to June 4, 2012, but they do oppose providing the Trust additional time to respond to their summary judgment motions.

6.      The Trust submits that good cause also exists to extend its 21-day response deadline to 45 days due to (a) the multiple, lengthy motions and briefs the Defendants will file, (b) the length of the Trust's response briefs, (c) the complexity of the issues in this case, and (d) the volume of discovery and evidentiary materials pertinent to the motions and responses. Extending the Trust's response deadline will provide the Trust a reasonable period to respond to Defendants' multiple motions for summary judgment while fulfilling its other briefing and discovery obligations.[3]

7.      Because the current summary judgment filing deadline is May 25, 2012, the Trust requests that the Court consider this motion on an expedited basis.  The Trust would suggest that

---

[3] The Trust notes that the Court allowed the Trust 28 days, or one extra week, to respond to the Defendants' first motion for partial summary judgment.  *See* Docket No. 280.  That Motion was governed by the 50-page limit in the Local Rules.  Because the Trust is now faced with up to 150 pages of briefing, the Trust's request for a commensurate extension of approximately three additional weeks is consistent with the Court's previous ruling.

the Defendants' response briefs be due by May 22, 2012 and the Trust's reply be due on May 23, 2012.

8.      Accordingly, the Trust requests that the Court enter an order (a) extending the summary judgment filing deadline to June 4, 2012; (b) extending the Trust's deadline to file responses to the Defendants' motions for summary judgment to 45 days from the date the motions for summary judgment are filed; and (c) awarding the Trust any further relief the Court deems appropriate.

Dated:  May 18, 2012                              Respectfully submitted,


*/s/ Werner A. Powers*                            */s/ Nicholas A. Foley*
Werner A. Powers                                  Nicholas A. Foley
State Bar No. 16218800                            Texas State Bar No. 07208620
Robin Phelan                                      Douglas J. Buncher
State Bar No. 15903000                            Texas State Bar No. 03342700
Patrick Keating                                   John D. Gaither
State Bar No. 00794074                            Texas State Bar No. 24055516

HAYNES AND BOONE LLP                              NELIGAN FOLEY LLP
2323 Victory Avenue, Suite 700                    325 N. St. Paul, Suite 3600
Dallas, Texas 75219-7673                          Dallas, TX 75201
Telephone:     (214) 651-5000                     Telephone: (214) 840-5300
Telecopier:    (214) 651-5940                     Telecopier: (214) 840-5301


ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION
as Litigation Trustee on Behalf of the
Idearc Inc. *et al*. Litigation Trust

## CERTIFICATE OF CONFERENCE

On May 18, 2012, I conferred with counsel for the Defendants, who indicated that they do not oppose the Trust's request to extend the summary judgment deadline to June 4, 2012 but that they do oppose the Trust's request for an extension of its response deadline.

*/s/ Nicholas A. Foley*
Nicholas A. Foley

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing motion was served on the following attorneys of record and through the Court's ECF system in accordance with the Federal Rules of Civil Procedure on May 18, 2012:

T. Ray Guy
WEIL, GOTSHAL & MANGES, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201

John B. Strasburger
WEIL, GOTSHAL & MANGES, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

Philip D. Anker
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Philip.Anker@wilmerhale.com

*/s/ Nicholas A. Foley*
Nicholas A. Foley