UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. BANK NATIONAL )
ASSOCIATION, Litigation Trustee of the )
Idearc Inc. *et al.* Litigation Trust, )
                      )           CIVIL ACTION NO.
        Plaintiff, )
                      )           3:10-CV-1842-G
VS. )
                      )
VERIZON COMMUNICATIONS INC., )
ET AL., )

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to reconsider the court's order striking the plaintiff's jury demand (docket entry 315). For the reasons set forth below, this motion is denied.

## I. BACKGROUND

This case deals with claims arising out of a large spin-off transaction, whereby Idearc Inc. ("Idearc") became a stand-alone company apart from its parent, Verizon Communications Inc. ("Verizon"). Defendants Verizon Communications Inc., Verizon Financial Services LLC, GTE Corporation, and John W. Diercksen's Motion to Strike Plaintiff's Jury Demand for a Jury Trial and Brief in Support ("Motion to Strike") at 3 (docket entry 89). The court has already set forth the factual

background of this case.  Memorandum Opinion and Order of September 19, 2011 (docket entry 106).

The plaintiff's original complaint, filed on September 15, 2010, contained a jury demand.  Plaintiff's Original Complaint ¶ 80 (docket entry 1).  On February 17, 2012, the plaintiff filed an amended complaint which also contained a jury demand.  Plaintiff's Amended Complaint and Jury Demand (Filed Under Seal) ("Complaint") ¶ 134 (docket entry 216).  On August 25, 2011, the defendant brought a motion to strike the plaintiff's jury demand.  *See generally* Motion to Strike.  The court granted the defendant's motion to strike the jury demand on March 21, 2012.  Memorandum Opinion and Order of March 21, 2012 (the "Order") (docket entry 288).

The plaintiff now brings this motion to reconsider the court's order granting the defendants' motion to strike the jury demand.  Plaintiff's Motion to Reconsider Order Granting Strike of Demand for Jury Trial and, Alternatively, to Empanel an Advisory Jury and Brief in Support ("Motion to Reconsider") at 1 (docket entry 315).

## II. ANALYSIS

In its motion for reconsideration, the plaintiff asserts that "[i]f any of the claims or issues [in the instant action] require a jury trial, . . . the strike of [the p]laintiff's jury demand is" in violation of the Seventh Amendment.  Motion to Reconsider at 3.  The plaintiff's argument is then broken down into two principal

components. First, the plaintiff contends that the court erred in concluding that the fraudulent transfer claims are equitable and therefore do not entitle the plaintiff to a jury trial. *Id.* at 9-16. Second, the plaintiff insists that its remaining claims are also legal claims entitled to a jury trial. *Id.* at 7-9.

A. <u>Legal Standard for Reconsideration</u>

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ." *St. Paul Mercury Insurance Company v. Fair Grounds Corporation*, 123 F.3d 336, 339 (5th Cir. 1997). However, courts do rule on motions for reconsideration under Rules 54(b), 59, and 60. See *Rotella v. Mid-Continent Casualty Company*, No. 3:08-CV-0486-G, 2010 WL 1330449, at *5 (N.D. Tex. Apr. 5, 2010) (Fish, J.). A request that the court reconsider an interlocutory order falls under Rule 54(b). *See* Fed. R. Civ. P. 54(b); see also *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, "whether to grant

. . . a motion [to reconsider] rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.). Further, even though the standard for evaluating a motion to reconsider under Rule 54(b) "would appear to be less exacting than that imposed by Rules 59 and 60 . . ., considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.*

In contrast to Rule 54(b), which deals with reconsideration of interlocutory orders, Rules 59 and 60 deal with reconsidering judgments. Under these two rules, "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Arrieta v. Yellow Transportation, Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.) (citation and internal quotation marks omitted), *aff'd* 641 F.3d 118 (5th Cir. 2011), *pet. for cert. filed*, 80 USLW 3650 (May 9, 2012) (No. 11-1361). In addition, such motions are *not* the proper vehicles for rehashing old arguments or raising new arguments that could have been presented earlier. *Id.* Accordingly, the court expects litigants to advance their strongest case the first time the court considers the matter. *Texas Instruments, Inc. v. Hyundai Electronic Industries, Company Limited*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).

In this case, the plaintiff's motion for reconsideration sets forth no newly discovered evidence and alleges no intervening change in the law. Instead, the plaintiff attempts to establish that the court clearly erred by either rehashing arguments previously made or raising new arguments that could have been made earlier.

## B. The Plaintiff's Fraudulent Transfer Claims

The court has already set forth at length the appropriate legal standard for the right to a trial by jury under the Constitution for fraudulent transfer claims. Memorandum Opinion and Order of March 21, 2012 (the "Order") (docket entry 288). In its motion for reconsideration, the plaintiff reasserts its argument that its fraudulent transfer claims are legal claims and thus require a jury. In particular, the plaintiff relies heavily in its motion on the Supreme Court's decision in *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011). After reviewing the plaintiff's arguments, the court concludes that it did not err in holding that the plaintiff's fraudulent transfer claims do not entitle it to a jury trial.

In *Stern*, a creditor filed a proof of claim against a bankruptcy estate. *Id.* at 2601. The debtor responded by filing in the bankruptcy proceeding a state law counterclaim for tortious interference. *Id.* The question before the Supreme Court was whether the bankruptcy court could enter a final judgment on the state law counterclaim under 28 U.S.C. § 157 and Article III. *Id.* at 2595. The Court

concluded that the counterclaim could not be finally adjudicated by the bankruptcy court because if it did decide the counterclaim, the Article I bankruptcy court would be exercising the judicial power of the United States, which the Constitution reserves for Article III courts. *Id.* at 2618-19.

The plaintiff here maintains that "*Stern* clarifies that a fraudulent transfer action must be finally adjudicated by an Article III court, not a bankruptcy court." Motion to Reconsider at 9-10. Because of this requirement, the plaintiff argues, it is entitled to a jury trial on its fraudulent transfer claims. However, this argument wholly ignores *Langenkamp v. Culp*, 498 U.S. 42 (1990), which *Stern* distinguished but did not disturb. *Stern*, 131 S. Ct. at 2615-18. Under *Langenkamp*, the fraudulent transfer claim was subject to "the equitable jurisdiction of the bankruptcy court" when the defendant filed a proof of claim against the bankruptcy estate. *Langenkamp*, 498 U.S. at 45. Thus, the plaintiff's argument on this point is without merit.

The plaintiff further submits that it has a right to a jury trial because it did not "consent" to a non-jury trial. Motion for Reconsideration at 10-12. Indeed, the Supreme Court in *Stern* held that the creditor defendant did not consent to a non-Article III court by filing a proof of claim in the bankruptcy proceeding. 131 S. Ct. at 2614. However, as this court has already explained, a proof of claim "extinguishes" the right to a jury trial. *See* Order at 6-7. The issue of consent is irrelevant. Having

reviewed the opinion in *Stern*, the court concludes that *Stern* does nothing to change this result.

Next, the plaintiff argues that *Langenkamp* is inapplicable because *Stern* and *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989), support the notion that "fraudulent transfer and preference actions differ." Motion for Reconsideration at 12. In *Granfinanciera*, the right to a jury trial for the fraudulent transfer claim was preserved. 492 U.S. at 55. In *Langenkamp*, on the other hand, the right to a jury trial for the preference action was extinguished. 498 U.S. at 45. The plaintiff argues that the reason behind the different outcomes in these two cases was the difference in the claims brought. However, the real distinction between *Granfinanciera* and *Langenkamp* is whether a proof of claim was filed in the bankruptcy proceeding. Moreover, the court has found no compelling reason, in *Stern* or elsewhere, to distinguish preference actions from fraudulent transfer actions in this context. See Order at 9-10 ("[M]ost courts do not recognize a distinction between fraudulent transfer claims and preferential transfer claims.").

Finally, the plaintiff asserts that "[t]he claims resolution in bankruptcy court cannot extinguish the [plaintiff's] jury trial right . . . in district court." Motion for Reconsideration at 14. Plaintiff relies on the interpretation of *Stern* in *Picard v. Katz*, No. 11 Civ. 3605 (JSR), 2011 WL 5873806 (S.D.N.Y. Nov. 23, 2011), to support

this argument.  *Id*.  However, this court has already dealt with this argument in its previous opinion.  Order at 10-12.

## C. The Plaintiff's Other Claims

In its motion for reconsideration, the plaintiff argues that its "[b]reach of fiduciary duty, aiding [and] abetting [breach of fiduciary duty], illegal dividends, promoter liability, and unjust enrichment are legal claims requiring a jury."  Motion for Reconsideration at 7.  In addition, the plaintiff argues that "[t]he *alter ego* count is a legal claim that requires a jury trial."  *Id.* at 16.  The plaintiff admits that it "did not 'exhaustively brief whether [the] [p]laintiff is entitled to a jury trial on [these] claims'" before the court granted the motion to strike the jury demand.  Plaintiff's Reply in Support of Motion to Reconsider Order Granting Strike of Demand for Jury Trial and, Alternatively, to Empanel an Advisory Jury and Brief in Support ("Plaintiff's Reply") at 2 (docket entry 352).  In fact, the plaintiff only alluded to its claims of breach of fiduciary duty and aiding and abetting breach of fiduciary duty one time -- in a single footnote in its response to the defendants' motion to strike the jury demand.  Plaintiff's Response to Defendants' Motion to Strike Plaintiff's Demand for a Jury Trial and Brief in Support ("Plaintiff's Response") at 15 n.8 (docket entry 123).  None of the plaintiff's other state-law claims was even mentioned in the plaintiff's response to the motion to strike.  Moreover, the plaintiff provides no explanation or justification for waiting until the motion for

reconsideration to argue in any detail that these claims require a jury trial. Accordingly, the court concludes that the plaintiff is raising new arguments that should have been made earlier and will only reconsider the decision to strike the plaintiff's jury demand if the conclusions in its previous order were clearly erroneous.

### 1. *The Plaintiff's Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty Claims*

The Supreme Court promulgated the following two-pronged test to determine whether the Seventh Amendment guarantees a right to trial by jury: "First, . . . compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (internal punctuation and citation omitted). "Second, . . . examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* (internal punctuation and citation omitted). "The second stage of this analysis is more important than the first." *Id.* (citation omitted).

The plaintiff argues that the breach of fiduciary duty claims against Diercksen and the Verizon entities and the aiding and abetting the breach of fiduciary duty claim against the Verizon entities are legal claims because they seek a money judgment. Motion for Reconsideration at 7-8. Under the first prong of the *Granfinanciera* test, the court concludes that "[c]laims for breach of fiduciary duty have always been within the exclusive jurisdiction of the courts of equity." *In re*

*Jensen*, 946 F.2d 369, 371 (5th Cir. 1991).  However, the application of the second prong is not as straightforward.

The monetary nature of the relief sought in *Granfinanciera* weighed heavily in favor of denominating the right invoked in that case as legal rather than equitable. 492 U.S. at 47; see also *Chauffeurs, Teamsters and Helpers, Local Number 391 v. Terry*, 494 U.S. 558, 570 (1990) ("Generally, an action for money damages was the traditional form of relief offered in the courts of law.") (internal punctuation and citation omitted).   However, "[a]wards of monetary relief are for present purposes not without their ambiguities." *In re Jensen*, 946 F.2d at 372.  "The reality is that there may be situations in which an award of monetary relief is equitable." *Id.*  The Supreme Court has never held that monetary relief necessitates that a claim be deemed legal. *Terry*, 494 U.S. at 570 (citations omitted).  In fact, the Court has found two exceptions to the general rule that monetary relief is legal.

First, monetary relief that is intertwined with an injunction is considered equitable. *Id.* at 571.  Because no injunction is sought in the instant action, however, the court concludes that this exception is inapplicable.  Second, monetary damages are characterized as equitable "where they are restitutionary, such as in actions for disgorgement of improper profits." *Id.* at 570 (citing cases) (internal punctuation omitted).

Black's Law Dictionary defines "restitution" as a "return or restoration of some specific thing to its rightful owner or status." BLACK'S LAW DICTIONARY (9th ed. 2009). Under this definition, it appears that the plaintiff's breach of fiduciary duty claims against the Verizon entities are restitutionary in nature because the plaintiff is seeking to have Idearc's money, in the form of cash and debt obligations, returned by Verizon. However, characterizing the plaintiff's claim against Diercksen is not as clear. On the one hand, none of the money the plaintiff seeks was ever in Diercksen's control; therefore, there is nothing to be returned. On the other, at the time of the spin-off, Diercksen was acting in an official capacity for Verizon, which was the beneficiary of this allegedly wrongful gain.

In this case, the court declines to reconsider its decision that the plaintiff's breach of fiduciary duty and aiding and abetting a breach of fiduciary duty claims do not entitle the plaintiff to a jury trial. Except for one two-sentence footnote in its response to the motion to strike, Plaintiff's Response at 15 n.8, the plaintiff wholly failed to argue why its fiduciary duty claims were entitled it to a jury trial. Moreover, in the initial briefing on the motion to strike, the plaintiff provided no argument at all as to why the fiduciary duty claims against Diercksen should be considered legal and not equitable.

The role of the court is to decide the legal disputes brought before it. The court cannot effectively discharge this duty if the parties effectively fail to bring to

the court's attention all arguments that support a particular outcome. This is especially true in a case like this one, where the monetary stakes are enormous, the parties are sophisticated, and they are represented by intelligent and industrious lawyers.

Therefore, the court declines the plaintiff's invitation to reconsider its determination that the plaintiff's fiduciary duty claims entitle it to a jury trial.

### 2. *The Plaintiff's Unlawful Dividend, Promoter Liability, Unjust Enrichment and Alter Ego Claims*

The plaintiff further argues that its unlawful dividend, promoter liability, unjust enrichment, and alter ego claims against Diercksen and Verizon are money-damage legal claims that require a jury. Motion to Reconsider at 7-9 (citing *Jensen*, 946 F.2d at 372). Because the plaintiff did not argue that these claims entitled it to a jury trial in the initial briefing on the motion to strike, the court will not consider these arguments now.

### D. Advisory Jury

The plaintiff requests, in the alternative, that the court empanel an advisory jury under Federal Rule of Civil Procedure 39(c). Rule 39(c) gives a district court discretion to decide whether to "try any issue with an advisory jury" during "an action not triable of right by a jury." *See* Rule 39(c), F. R. Civ. P.; Motion to Reconsider at 18. The plaintiff provides no arguments or cited cases to support this request. The court is persuaded by the defendants' arguments in their response to

the motion to reconsider.  Defendant's Response at 14-18.   The court concludes that empaneling an advisory jury in case would do nothing more than add expense and confusion to the trial.  See *Fort Henry Mall Owner, LLC v. U.S. Bank N.A.*, No. 11-CV-287, 2012 WL 523657, at \*5 (E.D. Tenn. Feb. 15, 2012) ("A trial using an advisory jury has all the disadvantages of a normal jury trial: it slows the trial; it is expensive; it requires mid-trial evidentiary ruling that probably would be pretermitted in a bench trial; and, in this case, preparing jury instructions will entail hours upon hours of precious judicial time.").  Accordingly, the court denies the plaintiff's request to empanel an advisory jury.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to reconsider the court's order striking the plaintiff's jury demand is **DENIED**.

**SO ORDERED**.

July **25**, 2012.

A. JOE FISH
Senior United States District Judge

- 13 -