UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Litigation Trustee of the Idearc Inc. *et al.* Litigation Trust, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | 3:10-CV-1842-G |
| VS. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the plaintiff's Rule 104 motion to limit evidence and to strike all of defendants' expert testimony based on market value of Idearc stock or debt (docket entry 509) and (2) the plaintiff's motion to exclude the testimony and report of Jeff D. Balcombe (docket entry 511).  For the reasons stated below, the motions are denied.

## I.  BACKGROUND

The court has set forth the factual background of this case on prior occasions. *See, e.g.*, Memorandum Opinion and Order of September 14, 2012 at 2-12 (docket

entry 523).  Since several of the plaintiff's claims survived the various summary

judgment motions filed by the parties, this case is now set for a first phase of trial on

October 15, 2012.  That phase of trial is devoted exclusively to a determination of

the value of Idearc at the time of the spinoff in November 2006.  *See* Order of

August 22, 2012 at 2 (docket entry 504).  The parties have recently filed a number of

motions seeking to limit or exclude evidence, several of which the court has decided.

*See* Order of September 24, 2012 (docket entry 559).  The plaintiff's motions to

exclude evidence of the market value of Idearc stock and debt and to exclude the

expert testimony and report of Jeff D. Balcombe remain.

## II.  ANALYSIS

### A.  Rule 104 Motion

The plaintiff contends that due to Verizon and Idearc's collective failure to

observe certain corporate formalities associated with the spinoff,[1] 145,000,000 shares

of Idearc stock issued in late 2006 were void, the debt Idearc issued was

unauthorized, and indeed the spinoff itself was unauthorized.  *See* Plaintiff's Rule 104

Motion to Limit Evidence and to Strike all of Defendants' Expert Testimony Based

---

[1]    The defendants correctly assert that motions *in limine* are not the proper
vehicle for resolution of factual disputes that may go to the merits of the case.  *See*
Defendants' Joint Response to Plaintiff's Rule 104 Motion ("Rule 104 Response") at
2 (docket entry 531); see also, *e.g.*, *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th
Cir. 2002).  For purposes of this motion, however, the court will assume to be true
the plaintiff's factual account of missteps in corporate formalities connected with the
spinoff.

on Market Value of Idearc Stock or Debt ("Rule 104 Motion") at 3 (docket entry

509).  Arguing from the premise that no rational investor would have purchased a

share of void stock (or purchased unauthorized debt), the plaintiff reasons (1) that

expert testimony about the stock or debt price of Idearc as a measure of its value as a

going concern would be inherently unreliable; and (2) that any other evidence of the

value of Idearc's stock or debt at the time of the spinoff would be irrelevant to the

determination of Idearc's value as a going concern.  *Id*. at 3, 10, 11, 16.

## 1.  *Legal Standards*

### a.  Expert Testimony

Federal Rule of Evidence 702 allows a qualified expert to offer opinion

testimony as long as certain requirements are met, including reliable application of

reliable principles and methods to sufficient facts and data.  *See* Federal Rule of

Evidence 702.  The Supreme Court has explained that, in order to make a

determination of reliability, the judge ordinarily should consider factors including the

"testability" of a theory, subjection of a theory to peer review and publication, known

or potential error rate, and general acceptance in the relevant scientific community.

See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993).

### b.  Other Evidence of Idearc's Stock Price

Relevant evidence is generally admissible.  Federal Rule of Evidence 402.

"Relevant" evidence is evidence having "(a) any tendency to make a fact more or less

probable than it would be without the evidence; [where] (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401. This standard is "a liberal one." See *Daubert*, 509 U.S. at 587.

### 2. *Application*

The proposition on which the plaintiff's entire argument depends is that, since no investor would buy a void share of a company's stock, then the price of Idearc's void stock is unreliable as an indicator of Idearc's value as a going concern. *See* Rule 104 Motion at 3, 8. But, as defendants have pointed out, this proposition is highly dubious. *See* Rule 104 Response at 4-5.

The relevant question is what investors thought a 1/145,000,000 share of Idearc was worth in late 2006, not whether they would have bought a share of stock if they knew it was void. As the defendants point out, if the market had known in late 2006 that 145,000,000 shares of Idearc stock were void, then only 100 valid shares of Idearc would have been available to the market. *Id*. at 4. The price of each of those valid shares would have correspondingly increased, in accord with the market's judgment of what a 1/100 share of Idearc was worth. *Id*. The plaintiff's only responses to this argument are a bald statement that had the market known the stock was void, "it surely would not have ascribed the same value" to the stock and a citation to a Delaware case that is not on point.[2] *See* Plaintiff's Reply Brief in

---

[2]     The case cited by the plaintiff decided which persons were authorized to
(continued...)

Support of its Rule 104 Motion ("Reply") at 4 (docket entry 560).  But once again the question is not whether any single share of void stock would have traded at the same price.  Rather the question is whether the market was likely to have been correct in assessing a 1/145,000,000 share of Idearc to be worth the price at which a share of stock traded.

Unless the failure to observe corporate formalities in the spinoff and in the issuance of Idearc stock and debt significantly affected the underlying fundamentals of the company (and plaintiffs have not shown that it did or even why it should),[3] there is no reason this court should disregard completely the market price of the stock or debt as a measure of the value of the company.  This is especially true, since -- under the right conditions -- the market price of publicly traded stock is normally

_____

[2](...continued)
act as the board of directors for a corporation.  In deciding that question, the court was required to determine whether or not certain preferred shares of stock were void or were validly issued.  Nowhere in the case is there any discussion of the relationship between the market price of void stock and the underlying value of a corporation.  See generally *Liebermann v. Frangiosa*, 844 A.2d 992 (Del. Ch. Ct. 2002).

[3]     Again, the plaintiffs offer only unsupported assertions that the misrepresentations defendants apparently made to the market with respect to corporate formalities render the market price of Idearc stock or debt in late 2006 unreliable.  Reply at 3-5.  In order for such misrepresentations to render the market price of the stock (or debt) unreliable, they must be material.  See, *e.g.*, *VFB LLC v. Campbell Soup Company*, 2005 WL 2234606 at *23 (D. Del. Sept. 13, 2005), *aff'd*, 482 F.3d 624 (3d Cir. 2007).  The plaintiff has not shown why misrepresentations about corporate formalities were material to the value of Idearc as a going concern.

assumed to be one of the most reliable indicators of a company's value.[4]  See, *e.g.*,

*Metlyn Realty Corporation v. Esmark, Inc.*, 763 F.2d 826, 835 (7th Cir. 1985); *VFB LLC*

*v. Campbell Soup Company*, 2005 WL 2234606 at \*22-23 (D. Del. Sept. 13, 2005),

*aff'd*, 482 F3d 624 (3d Cir. 2007); *In re Iridium Operating LLC*, 373 B.R. 283, 293

(Bankr. S.D. N.Y. 2007).

Thus, the court concludes that expert testimony about the market price of

Idearc stock or debt as a measure of its value is not inherently unreliable.

Additionally, other evidence about the market price of Idearc's stock or debt (as it

goes to the issue of Idearc's value) is not irrelevant.  The plaintiff's motion to exclude

this expert testimony and evidence is denied.

## B.  Balcombe Motion

Jeff Balcombe was originally retained by the defendants as a consulting expert

for this case in late 2011.  *See* Plaintiff's Motion to Exclude the Testimony and

Report of Jeff D. Balcombe ("Balcombe Motion") at 2 (docket entry 511).  In March

2012, Balcombe's status changed when the defendants made the decision to use him

as a testifying expert.  *Id*. at 3.  The defendants designated Balcombe a testifying

expert and disclosed his report to the plaintiff on June 22, 2012.  *Id*.  The plaintiff

---

[4]        The plaintiff asserts that the right conditions are not present here,
because of the defendants' misrepresentations about the corporate formalities
connected with the spinoff.  But, again, in order to obtain the rather extreme relief it
requests, the plaintiff must show that such misrepresentations were material.  In this
court's judgment, it has failed to do so.

deposed Balcombe on July 6, 2012.  *Id*.  At the deposition, the defendants' attorney initially stated that "to the extent that Mr. Balcombe has provided services to Verizon . . . as a consulting expert not reflected in the subjects on which he is testifying, our position is that those matters are covered by the work product doctrine and so I am not going to let you inquire into the substance of any consulting services Mr. Balcombe has provided."  *Id*.  *See also* Plaintiff's Appendix in Support of Motion to Exclude the Testimony and Report of Jeff D. Balcombe ("Plaintiff's Balcombe Appendix") at 3, Dep. Page 9, lines 7-21 (docket entry 512).  Balcombe did, however, testify that Exhibit B to his expert report contained a complete account of all facts he considered in forming his opinions as a testifying expert and that any facts not contained in the report or in the listing in that exhibit were facts that he did not consider.  *See* Defendants' Opposition to Plaintiff's Motion to Exclude the Testimony and Report of Jeff D. Balcombe and Brief in Support ("Defendants' Balcombe Opposition) at 5-6 (docket entry 544).

The plaintiff moves for the court to exclude Balcombe's testimony and report under Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c).  The plaintiff maintains that because the defendants did not make disclosures required by Rule 26(a)(2)(B)(ii), the automatic exclusion of Balcombe's report and testimony under Rule 37(c) is warranted.  Balcombe Motion at 1-2.

The parties do not dispute that Balcombe's identity was disclosed to the plaintiff, in accord with Rule 26(a)(2)(A).  *Id*. at 3.  Nor do they dispute that Balcombe's expert report was provided to the plaintiff, in accord with Rule 26(a)(2)(B).  *Id*.  Nor do they even dispute that Balcombe's report contained an appendix stating the facts and data considered by Balcombe in forming his opinion, in accord with Rule 26(a)(2)(B)(ii).  *Id*.

Rather, the plaintiff insists that because, at the beginning of Balcombe's deposition, the defendants' attorney made a blanket objection to any inquiry into the substance of consulting services provided by Balcombe, the defendants violated the disclosure requirements of Rule 26(a)(2)(B)(ii).  The plaintiff urges that it was entitled to further discovery into facts considered by Balcombe when he was retained as a consultant, because Balcombe stated in deposition that he was unable to identify a time he served as consultant when materials he considered (as a consultant) were not "ultimately rolled up into and considered as part of [his] overall report."  *See* Plaintiff's Reply in Support of its Motion to Exclude the Testimony and Report of Jeff D. Balcombe ("Plaintiff's Balcombe Reply") at 2-3 (docket entry 568).  Since the defendants did not allow the plaintiff to depose Balcombe about specifics of his consulting services (indeed since defendants affirmatively prevented this line of deposition questioning), the plaintiff argues that the automatic exclusion of Balcombe's testimony and report under Rule 37 is warranted.  *Id*.

1. *Legal Standard*

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to provide written reports from all experts retained to provide expert testimony in a case. *See* FED R. CIV. P. 26. These reports must include the information set forth in Rule 26(a)(2)(B)(i)-(vi). Among the items such reports must include are the "facts or data considered by the witness in forming [his opinions]." FED. R. CIV. P. 26(a)(2)(B)(ii). The report must be "detailed and complete," and it must state "the testimony the witness is expected to present during direct examination, together with the reasons therefor." *See* Advisory Committee Notes to the 1993 Amendments to Rule 26. The purpose of the rule is to prevent a party from presenting "sketchy and vague" expert information which might lead to undue surprise for the opposing party at trial. *Id*. Where a party does not make the disclosures required by Rule 26(a), Rule 37(c)(1) provides for the automatic exclusion of such evidence from trial. *See* FED. R. CIV. P. 37.

2. *Application*

The plaintiff does not dispute that it was provided with Balcombe's rather extensive expert report, which contained an exhibit listing the facts and data he considered in forming his opinions. *See* Balcombe Motion at 3; *see also* Defendants' Appendix in Support of Their Opposition to Plaintiff's Motion to Exclude the Testimony of Jeff D. Balcombe at 3-248 (docket entry 545). Nor does the plaintiff

dispute that Balcombe testified that this listing of facts and data was a complete list of facts and data considered in forming his opinions.  Defendant's Balcombe Opposition at 5-6.  Such disclosure and testimony puts the defendants in apparent full compliance with Rule 26(a)(2)(B).

The plaintiff, however, wishes to add to Rule 26(a)(2)'s requirements the further obligation that lawyers defending testifying experts at depositions not make (potentially errant) objections to inquiries into material to which an opposing party may be entitled.  Balcombe Motion at 4-5.  This court knows of no authority supporting such a further requirement.  Indeed, the only case the plaintiff cites that comes close to supporting this peculiar interpretation of Rule 26 is a Southern District of Ohio case, where the court was ruling on a motion to compel, not a motion to exclude testimony under Rule 37(c).  *See* Balcombe Motion at 5-6; *Wilson v. Wilkinson*, 2006 WL 6654881 at *2-3 (S.D. Ohio May 19, 2006).  That court was not required to decide whether the party denying discovery had committed a sufficient violation of Rule 26(a)(2)(B) to warrant total exclusion of the expert's testimony and report.  In the absence of any authoritative reading of Rule 26(a)(2)(B) that supports the plaintiff's idiosyncratic interpretation, the court declines to adopt it.

The plaintiff's motion to exclude the testimony and report of Jeff D. Balcombe is therefore denied.

III.  <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's motions to exclude evidence and expert testimony about the market price of Idearc stock and to exclude the report and testimony of Jeff D. Balcombe are **DENIED**.  The court will, however, entertain any new objections to this testimony and evidence that are brought at trial.

**SO ORDERED**.

October 2, 2012.

A. JOE FISH
**Senior United States District Judge**