IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Litigation Trustee of the Idearc Inc., *et al.* Litigation Trust,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON FINANCIAL SERVICES LLC, GTE CORPORATION, and JOHN W. DIERCKSEN,<br><br>*Defendants*. | CIVIL ACTION NO.<br><br>3:10-CV-1842-G<br><br>ECF |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT AND BRIEF IN SUPPORT

Plaintiff continues to pursue its theory that Idearc was not Verizon's wholly owned subsidiary before the Spin-Off, despite this Court's grant of summary judgment to Defendants on that issue.[1] In addition to its latest motion and at least five other post-trial filings pressing this theory, U.S. Bank National Association — purportedly acting in its capacity as Indenture Trustee for Idearc's unsecured notes, rather than as Litigation Trustee — has just sued Verizon in New York state court seeking more than $2.85 billion based on the same allegations that Idearc was "formed, but never properly incorporated," and not Verizon's wholly owned subsidiary.[2]

The proposed amendments to the Delaware General Corporation Law that form the basis for Plaintiff's latest filing here are irrelevant to the issues still pending before the Court and do

---

[1] *See* Memorandum Opinion and Order at 26-27, ECF No. 523 (Sept. 14, 2012) ("SJ Op.").

[2] Summons with Notice at 2, *U.S. Bank Nat'l Ass'n v. Coticchio*, Index No. 651132/2013 (N.Y. Sup. Ct. Mar. 29, 2013) (Defs.' App. 3-5). Pursuant to New York state court procedure, U.S. Bank elected not to serve the complaint with the summons.

not support Plaintiff's repeated requests for reconsideration of the Court's summary judgment ruling. The Court should deny the motion.

**1.** Plaintiff first asserts that the proposed Delaware amendments "go directly" to the briefing pending before the Court because they would overrule three Delaware cases and, therefore, purportedly "validate[] the Plaintiff's position as to the current state of Delaware law" as set out in those cases. Mot. at 2-3. Yet Plaintiff *never cited any of these cases* — nor did Defendants — in any of the pending briefs. Nor were these cases cited in either side's post-trial Proposed Findings of Fact and Conclusions of Law, in the Joint Pretrial Order, or (with one irrelevant exception) in either side's briefs on any of the four summary judgment motions.[3] Unsurprisingly, Plaintiff cites no portion of any brief pending before the Court in support of its assertion that the "pending Delaware legislation . . . is directly relevant to matters under consideration." Mot. at 1. Plaintiff's latest motion has no relevance to the pending briefing and thus attempts to add new arguments to its already over-length filings.[4]

**2.** More generally, the proposed legislation is not relevant to any issue pending before the Court. In granting summary judgment, the Court found that Idearc was Verizon's wholly owned subsidiary at all times from its formation to the Spin-Off.[5] Although Plaintiff again asks the Court to reconsider that ruling, it has not even attempted to meet the strict standard for reconsideration. Plaintiff could have made all of its arguments regarding the

---

[3] Plaintiff included a "*Cf.*" citation to *STAAR Surgical Co. v. Waggoner*, 588 A.2d 1130 (Del. 1991), in its reply in support of its second summary judgment motion. *See* Pl.'s Reply at 10, ECF No. 435 (July 9, 2012). But that motion had nothing to do with whether Verizon owned Idearc before the Spin-Off or whether Idearc validly issued stock to Verizon, and instead sought a ruling that Idearc's post-Spin-Off Board had not validly executed a resolution ratifying the specific management actions taken to effect the Spin-Off.

[4] *See* Defs.' Resp. at 1 n.5, ECF No. 651 (Mar. 1, 2013) ("Defs.' Resp.").

[5] *See* SJ Op. at 26-27 ("While the parties dispute the material fact of Idearc's ownership before the spin-off, no reasonabl[e] factfinder could conclude that Idearc was not a wholly owned subsidiary of Verizon up to and including November 16, 2006.").

supposed failure to form Idearc properly and the supposed defects in the stock issued to Verizon in its summary judgment briefs[6] — including any arguments relying on the three Delaware cases the proposed statutory amendments seek to overturn. Yet Plaintiff did not do so in contesting Verizon's pre-Spin-Off ownership of Idearc at summary judgment. As this Court has already held, a reconsideration motion is "*not* the proper vehicle[] for rehashing old arguments or raising new arguments that could have been presented earlier."[7]

**3.** Finally, Plaintiff mischaracterizes the proposed amendments to Delaware's General Corporation Law. The proposal does not address the circumstances in which a stock issuance is defective, or whether defectively issued stock is void or merely voidable. Therefore, the proposed amendments offer no support for Plaintiff's claim that Verizon's stock in Idearc was defectively issued and, therefore, void.

Nor do the proposed amendments support Plaintiff's claims regarding the ability of a company to ratify and validate stock that was allegedly issued defectively. The proposed amendments expressly state that the new mechanism for ratifying "putative stock" would not be "the exclusive means of ratifying or validating . . . any issuance of stock." Pl.'s App. 10, 13-14 (proposed § 204(a), (h)(4), (i)). Instead, the proposed amendments would also preserve preexisting means of "properly ratif[ying]" the "issuance of any stock . . . under common law or otherwise." Pl.'s App. 14 (proposed § 204(i)). In all events, in addressing Plaintiff's response to the Order to Show Cause and Motion for Judgment, Defendants did not raise a ratification argument.[8]

---

[6] *See* Defs.' Resp. at 13-14 & n.28.

[7] Memorandum Opinion and Order at 4, ECF No. 459 (July 25, 2012).

[8] *See* Defs.' Resp. at 18-25 (responding on the merits to Plaintiff's claims regarding Verizon's ownership of Idearc and not making an argument based on subsequent ratification).

## CONCLUSION

For the foregoing reasons, the proposed amendments have no relevance to any issues before the Court, which should deny Plaintiff's motion.

Dated:  April 4, 2013

Respectfully submitted,

  s/ J. Robert Arnett, II
E. Leon Carter
Texas Bar No. 03914300
*lcarter@carterstafford.com*
J. Robert Arnett, II
Texas Bar No. 01332900
*barnett@carterstafford.com*
CARTER STAFFORD ARNETT HAMADA
  & MOCKLER, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
Telephone:  (214) 550-8188
Facsimile:  (214) 550-8185

*Attorneys for Defendant*
*John W. Diercksen*

  s/ T. Ray Guy
T. Ray Guy
Texas Bar No. 08648500
*ray.guy@weil.com*
WEIL, GOTSHAL & MANGES, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777

Reid M. Figel
Admitted *Pro Hac Vice*
*rfigel@khhte.com*
Scott H. Angstreich
Admitted *Pro Hac Vice*
*sangstreich@khhte.com*
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Philip D. Anker (NY Bar No. 4345567)
Admitted *Pro Hac Vice*
*philip.anker@wilmerhale.com*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Attorneys for Defendants*
*Verizon Communications Inc.,*
*Verizon Financial Services LLC,*
*and GTE Corporation*

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 4th day of April 2013.

| | |
|---|---|
| Werner A. Powers | Nicholas A. Foley |
| *werner.powers@haynesboone.com* | *nfoley@neliganlaw.com* |
| Robin Phelan | Douglas J. Buncher |
| *robin.phelan@haynesboone.com* | *dbuncher@neliganlaw.com* |
| Patrick D. Keating | John D. Gaither |
| *patrick.keating@haynesboone.com* | *jgaither@neliganlaw.com* |
| HAYNES & BOONE, LLP | NELIGAN FOLEY, LLP |
| 2323 Victory Avenue, Suite 700 | 325 N. St. Paul, Suite 3600 |
| Dallas, Texas 75219 | Dallas, Texas 75201 |
| Telephone:  (214) 651-5000 | Telephone:  (214) 840-5300 |
| Facsimile:  (214) 651-5940 | Facsimile:  (214) 840-5301 |

                                                                             s/ T. Ray Guy
                                                                         T. Ray Guy